UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CLAYTEON NATHANIEL STEEN,

    Petitioner,

vs.                                                   Case No. 8:03-CV-2252-T-17TBM

JAMES V. CROSBY, Jr.,

    Respondent.
_____


O R D E R

This cause is before the Court on Petitioner Clayteon Steen (Steen's) 28 U.S.C. 2254 petition for writ of habeas corpus. Steen challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial circuit, Hillsborough County, Florida.

BACKGROUND

On June 6, 1996, Steen was charged with aggravated battery of Gary Ault in case no. 96-5085CV. Represented by court-appointed counsel, Gaston Fernandez, Esq., Steen proceeded to jury trial held November 20-22, 1996, before the Honorable Bob Mitcham, Circuit Judge, and was found guilty as charged. On December 19, 1996, Steen was adjudicated guilty in accordance with the verdict and sentenced to 30 years incarceration as a habitual felony offender.

Steen appealed, arguing that the state trial court erred in denying his motion for mistrial made on grounds the State introduced evidence he also committed attempted

robbery for which he was not charged. He also argued that the closing remarks of the prosecutor deprived him of a fair trial.

On December 16, 1998, the state district court of appeal per curiam affirmed the conviction and sentence.[1]  Steen v. State, 728 So.2d 225 (Fla. 2d DCA 1998)[table].  Steen did not seek rehearing. Steen signed a pro se Rule 3.850 motion for post-conviction relief on December 15, 1999, raising four claims of ineffective assistance of trial counsel.  On August 9, 2000, the Honorable Jack Espinosa, Jr. summarily denied grounds one through three of Steen's Rule 3.850 motion and ordered the State to respond to ground four. The State did not file a response, on January 18, 2001, the state trial court held an evidentiary hearing on ground four.  On November 30, 2001, the state trial court denied ground four.

Steen appealed, and on January 3, 2003, the state district court of appeal per curiam affirmed the denial of Rule 3.850 relief in case no. 2D02-185.  Steen v. State, 837 So. 2d 982 (Fla. 2d DCA 2003) [table]. The mandate issued January 28, 2003.

Steen filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in case no. 8:99-cv-2876-T-23EAJ. Petitioner signed this petition on December 10, 1999, and filed the petition on December 20, 1999.  The petition was dismissed without prejudice shortly thereafter on December 27, 1999.

Steen signed another pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 19, 2003, in case 8:03-cv-1584-T-17MAP. The Court ordered Petitioner to file an amended petition. The amended petition, dated September 20, 2003, was dismissed

---

[1] Steen incorrectly states that the appellate court affirmed the conviction and sentence in 1999.

without prejudice on October 8, 2003. Steen signed the present pro se 28 U.S.C. § 2254 petition for writ of habeas corpus on October 19, 2003.

## DISCUSSION

The present petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. Under 28 U.S.C. § 2244(d)(1), persons in custody pursuant to a judgment of a state court may file petitions for habeas corpus within one year of any of four dates specified by the statute. The time during which a properly filed, application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

For purposes of 2244(d), Steen's state judgment became final March 16, 1999, upon expiration of the time for seeking certiorari review of the December 16, 1998, affirmance in Steen's direct appeal. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, his AEDPA limitations period commenced March 17, 1999.

A period of 275 days of the one-year period elapsed between March 17, 1999, and December 15, 1999, when Steen signed his pro se Rule 3.850 motion. Steen's Rule 3.850 motion was pending until issuance of the mandate in the ensuing collateral appeal on January 28, 2003. Thereafter, an additional 264 days elapsed before Steen signed the present federal petition on October 19, 2003. Thus, the present petition is untimely.

This Court has held that 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, this Court has concluded that the one-year period may be equitably tolled "when a movant untimely files because of extraordinary circumstances that

are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (citing, *Sandvik v. United States*, 177 F.3d 1269, 1270, 1271 (11th Cir. 1999)).

Steen's prior federal petitions that were dismissed without prejudice did not toll the limitations period. A federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244 (d) (2). *See Duncan v. Walker*, 533 U.S. 167 (2001).

Steen's first 1999 federal petition in case no. 8:99-cv-2876-23EAJ was dismissed expeditiously without prejudice and well-within the limitations period. Thus, the dismissal did not prevent Steen from refiling a timely petition. Though Steen suggests this action was stayed, the docket shows that the petition was dismissed, without prejudice. By the time Steen signed the July 19, 2003, petition, the limitations period had expired. Thus, the dismissal in his second federal habeas petition in case no. 8:03-cv-1584-T-17MAP could not have prevented a timely filing.

The extraordinary circumstances standard applied in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. *See Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310 1314-15 (11th Cir. 2001). Here, Steen does not demonstrate extraordinary circumstances that would prevent a timely filing and does not assert a basis upon which to conclude he used due diligence in seeking federal habeas corpus relief.

This case does not involve a state prisoner who could not have filed his federal petition timely. Steen's own lack of diligence, not §2244(d), foreclosed his ability to proceed with federal habeas action.

Finally, even if Steen's petition were not time-barred, the Court would deny the petition. Respondent's arguments for dismissal on the merits are persuasive, and the Court adopts and incorporates those arguments herein.

Accordingly, the Court orders:

That Petitioner's petition is dismissed, as time-barred. The Clerk is directed to enter judgment against Steen and to close this case.

ORDERED in Tampa, Florida, on September 8, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Clayteon Steen